**Ernestine BLAKE, Plaintiff,**

v.

**Robert RUBIN, Secretary of the Treasury, Defendant.**

**89 CV 2292 (SJ), and related actions 92 CV 2747, 94 CV 1014 and 94 CV 1704.**

United States District Court, E.D. New York.

Oct. 2, 1996.

Ernestine Blake, Bronx, NY, Pro Se.

Zachary W. Carter, United States Attorney, Eastern District of New York, Brooklyn, NY, for Defendant.

## INTRODUCTION

JOHNSON, District Judge.

■ Since 1979, plaintiff Ernestine Blake has filed a total of twelve administrative complaints and eight discrimination suits against her employer, the Internal Revenue Service ("IRS"). A careful review of the record shows that Blake has repeatedly failed to allege any action by her employer that amounts to unlawful discrimination. Blake's complaints include: "assault" by a supervisor who shook Blake to wake her up when she was resting with her head down at her desk; repeated "harassment" by this supervisor because he entered Blake's work area while performing duties; an extremely heavy workload and undesirable assignments to retaliate against Blake for filing complaints; failure to promote, even though she has not requested a promotion in several years and; "invasion of privacy" because the IRS mailed a job description, requested by Blake, to her home. Blake also cites numerous instances of her coworkers laughing and whispering about her as examples of harassment and discrimination.

These complaints are laden with conclusory statements, and unsubstantiated conspiracy theories. Blake is *pro se,* and thus not held to the same standards as a member of the Bar when making submissions to the court. Nonetheless, the most generous review of the "evidence" submitted by Blake, and full consideration of her *pro se* status, still lead this court to conclude that these claims are frivolous and the allegations clearly fail to amount to any type of discrimination. Furthermore, Blake has filed multiple lawsuits based on virtually identical claims. These lawsuits repeatedly fail to present any new evidence that would lead Blake to reasonably believe that the Court's outcome would be any different from its determinations in prior suits.

Blake applied for and was granted *in forma pauperis* status in several of her suits based on sworn statements of her income. The court waived filing fees and the costs of serving her complaints. The defendant presents compelling evidence that Blake greatly understated her income on her applications. When given the opportunity, Blake did not attempt to deny or explain the discrepancy. She only questioned how the defendant, the Internal Revenue Service, had knowledge of her income.

The defendant moves for sanctions against Blake pursuant to Federal Rules of Civil Procedure, Rule 11(c)(2), and dismissal pursuant to 28 U.S.C. § 1915(d). The defendant requests that (1) the court issue an order directing Blake to reimburse the filing fees and costs of serving the complaints that she improperly obtained by falsely stating her income and (2) that Blake be enjoined from filing additional complaints without the prior review of this court.

## REPAYMENT OF FEES

■ Blake repeatedly falsified her income and abused the system reserved to provide indigent litigants access to this court. Her conduct is especially egregious and offensive given her employment with the Internal Revenue Service. The *in forma pauperis* application also explicitly warns that an applicant can be fined or jailed for giving dishonest or false information. Blake's failure to deny or explain her deception to this court clearly warrants sanctioning.

Blake's waived filing fees for five suits total $600, and service costs amount to $100.50. Ernestine Blake is hereby ordered to pay $700.50 to the Clerk of this court within ninety (90) days from the date of this order.

This is the least severe sanction this court can impose to discourage Blake's overly litigious behavior. A more harsh sanction could include ordering Blake to pay the costs of wasted judicial resources. Blake could also be sanctioned additional punitive fines under Rule 11 for filing frivolous suits. This Court will impose such sanctions if the current sanction does not adequately discourage Blake's abuse of this court.

### PROHIBITION FROM FILING WITHOUT PRIOR REVIEW

Ernestine Blake is enjoined from filing any further lawsuits against any party, without the prior approval of a magistrate. 28 U.S.C. § 1651. Any future complaint shall be accompanied by this order and a clear, concise and explicit statement of the factual basis of the complaint. The complaint will be dismissed if the court finds her complaint frivolous or repetitive of prior complaints. Any further attempt by Blake to gain *in forma pauperis* status by making false statements about her income will result in additional monetary sanctions.

All cases involving Ernestine Blake's allegations of employment discrimination against the IRS are hereby consolidated and dismissed with prejudice. 28 U.S.C. § 1915(d).

SO ORDERED.